UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    *Plaintiff,*

    *vs.*                                                                                                         Case No. 18-CR-192 (WED)

RAMON PRADO,

    *Defendant.*

## DEFENSE BRIEF ON COMPETENCY ISSUE

### Overview

At a competency hearing conducted on February 11, 2019, the parties discussed the court-ordered report of a forensic psychologist who evaluated Mr. Prado. *See* Doc. 10. That psychologist ultimately opined that Mr. Prado was not competent to stand trial. *See* Doc. 9 at 24. As part of her conclusion, the psychologist questioned whether Mr. Prado could assist counsel at any upcoming trial. *See id.* ("the defendant's capacity to cooperate with counsel also appears impaired by his mental illness").

But at the hearing, defense counsel noted that he had had several meetings and conversations with Mr. Prado in recent weeks. Counsel believed, based on these meetings and conversations, that Mr. Prado *could* adequately assist defense counsel in this matter. *See* Doc. 10. Defense counsel also explained that, based on his reading of the overall report, the psychologist's opinion was a relatively close call, and her concerns about Mr.

Prado being unable to assist counsel seemed to tip her overall conclusion. Defense counsel then requested that the court find Mr. Prado competent, and order the case to proceed as normal.

The court, however, was concerned about what weight to give the opinion of defense counsel, and whether that opinion could, in effect, overrule the expert's conclusions. Thus the court requested briefing on that issue. The defense now submits this brief.

**Summary of Analysis**

What the defense has found is the following. Case law provides that an expert's opinion is one of the factors a court should consider when making a competency determination, but not the only factor. Other factors include the opinions of people who have interacted with Mr. Prado, such as defense counsel. Considering a wide spectrum of information, courts have overruled an expert's opinion several times. But notably, in all of the published cases counsel has found where that occurred, another expert gave a different opinion—that is, the court had to make a call in a "battle of the experts." So to directly answer the question posed by the court, the defense has not found a published case where the court has overruled an expert's finding based solely on the opinion of defense counsel.

Federal Defender Services
of Wisconsin, Inc.

**Analysis**

To begin, the issue of competency is a legal determination made by the court, not decided for it by an expert. The question the court has to answer is: "Does the defendant have a sufficient present ability to consult with his lawyer with a reasonable degree of rational as well as factual understanding of the proceedings against him." *United States v. Jones*, 87 F.3d 954, 955 (7th Cir. 1996) (quotation marks omitted). What matters is not just whether the defendant is mentally ill, but whether the defendant is "able to follow the proceedings and provide the information that his lawyer needs in order to conduct an adequate defense, and to participate in certain critical decisions, such as whether to appeal." *Price v. Thurmer*, 637 F.3d 831, 833-34 (7th Cir. 2011); *see also United States v. Moore*, 425 F.3d 1061, 1074 (7th Cir. 2005) (a defendant is incompetent where he cannot "understand the nature and consequences of the proceedings against him and . . . he was unable to assist in his own defense").

Typically, the court presumes that a defendant is competent, and once probable cause of incompetency arises the government bears the burden of proving competency. *See United States v. Teague*, 956 F.2d 1427, 1431-32 (7th Cir. 1992). The standard of proof is the preponderance of the evidence. 18 U.S.C. § 4241(d). On appeal, a district court's competency finding is reviewed for plain error. *United States v. Eqing*, 494 F.3d 607, 622 (7th Cir. 2007).

Federal Defender Services
of Wisconsin, Inc.

When making a competency determination, the court can look at a wide range of factors. These include but are not limited to the court's own observations of the defendant, including in-court demeanor and behavior; medical testimony; and the observations of others who have interacted with the defendant. *United States v. Simpson*, 645 F.3d 300, 306 (5th Cir. 2011); *see Tokar v. Bowersox*, 1 F. Supp. 2d 986, 1014 (E.D. Mo. 1998) ("In determining the issue of competence, trial courts should consider, among other things, evidence of irrational behavior, a defendant's demeanor, and any available medical evaluations."). If the defendant testifies at the competency hearing, the court can consider the testimony, *see* 18 U.S.C. § 4247(d), and at least one court has suggested that the complexity of the case can play a role in the analysis, *see United States v. Moises-Mendoza*, No. 09-CR-3178-L, 2010 WL 2243942, at *2 (S.D. Cal. June 3, 2010) (finding defendant competent and noting that the case had simple and straightforward facts). Other courts have considered the defendant's intelligence, any lapses of memory, any incidents of unresponsiveness, and any reports of the defendant's out-of-court behavior, including "defense counsel's observations." *United States v. Salley*, 246 F. Supp. 2d 970, 976 (N.D. Ill. 2003).

On that latter factor, courts have made competing points. First, courts have noted the obvious: a lawyer is not a psychiatrist and thus not trained to accurately access the effect of mental illness on a defendant's "mental processes." *United States v. Timmins*, 301 F.3d 974, 981 (9th Cir. 2002) (opinion withdrawn and superseded); *see Odle v. Woodford*,

4

238 F.3d 1084, 1088–89 (9th Cir. 2001) ("counsel is not a trained mental health professional"). But courts have also noted that defense counsel often interacts with the defendant the most, and so counsel's opinion is "unquestionable a factor" to consider. *Drope v. Missouri*, 420 U.S. 162, 178 (1975) ("Although we do not, of course, suggest that courts must accept without question a lawyer's representations concerning the competence of his client, an expressed doubt in that regard by one with the closest contact with the defendant, is unquestionably a factor which should be considered." (citations and internal quotation marks omitted)).

From looking at case law, however, courts have generally deferred to experts. *See, e.g.*, *United States v. Wheeler*, 594 F. App'x 779 (4th Cir. 2014) (affirming finding of competency where expert concluded that defendant was competent, and defendant showed on the record that he understood the proceedings, despite defense counsel's report of bizarre and irrational behavior). And the defense has not found a case where defense counsel's views effectively overruled an expert's opinion. Rather, courts seem to understandably regard a psychological opinion as the strongest evidence of a defendant's competence or lack thereof. *See, e.g.*, *United States v. Perez Diaz*, 797 F. Supp. 81, 81 (D.P.R. 1992). So in the cases that the defense has found where courts have not "gone with" an expert's opinion, another expert has presented a contrary opinion. *See Simpson*, 645 F.3d at 306-07 (affirming district court's decision to side with one expert over another); *Moises-Mendoza*, 2010 WL 2243942, at *2 (choosing between battling experts); *United States v.*

5

Federal Defender Services
of Wisconsin, Inc.

*Mason*, 935 F. Supp. 745, 760-62 (W.D.N.C. 1996) (same); *Davis v. Singletary*, 853 F. Supp. 1492, 1543-44 (M.D. Fla. 1994) (same); *see also United States v. Wabol*, 182 F. App'x 530, 532 (7th Cir. 2006) (court erred in finding defendant competent, when expert, defense counsel, and government all agreed that he was incompetent).

One additional note about the case law: most published decisions on this issue are cases where a defendant claims he should have been found incompetent, not the other way around. As such, if defense counsel either fails to argue that a client is incompetent or opines that a defendant is competent, the client usually has great difficulty claiming incompetence later. *See, e.g.*, *United States v. Downs*, 123 F.3d 637, 641 (7th Cir. 1997) ("the failure of either of Down's attorneys to suggest his incompetence provides substantial evidence of [his] competence"); *see also Davis v*, 853 F. Supp. at 1543-44 (noting former counsel's testimony about client's seeming competence).

As a final note about this matter and further proceedings, in Dr. Watkins' report, she noted a brief conversation she had with defense counsel. *See* Doc. 9 at 21-22. At that point, defense counsel and Mr. Prado had hardly spoken and had never met in person. So when Dr. Watkins asked about counsel's interactions with Mr. Prado, defense counsel didn't have much to say. That's now different, given counsel's more recent interactions with Mr. Prado. So defense counsel plans to contact Dr. Watkins, discuss counsel's interactions with Mr. Prado, and see if those observations have any effect on Dr. Watkins' competency opinion.

6

Dated at Milwaukee, Wisconsin, this 19th day of February, 2019.

    Respectfully submitted,

    */s/ Anderson M. Gansner*
    Anderson M. Gansner, WI Bar #1082334
    Federal Defender Services
       of Wisconsin, Inc.
    517 E. Wisconsin Avenue – Room 182
    Milwaukee, WI 53202
    Tel. (414) 221-9900
    Email: anderson_gansner@fd.org

    *Counsel for Defendant, Ramon Prado*