# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

   v.                                       Case No. 18-CR-192

RAMON PRADO,

        Defendant.

## GOVERNMENT'S BRIEF IN SUPPORT OF AN INCOMPETENCY FINDING

The United States of America, by and through its attorneys, Matthew D. Krueger, United States Attorney for the Eastern District of Wisconsin, and Gail J. Hoffman, Assistant United States Attorney for said district, hereby respectfully submits this brief and accompanying Affidavit of the undersigned ("Affidavit") which was provided to the court and counsel in hard copy. For the reasons set forth in both documents, the government respectfully requests that the court adopt the conclusions reached by Dr. Robin Watkins as set forth in her Forensic Evaluation filed with the court on February 4, 2019. Doc. # 9. To this end, the government further requests that the court find the defendant presently incompetent and commit Mr. Prado pursuant to the dictates of Title 18, United States Code, Section 4241(d) to the custody of the Attorney General.

## ANALYSIS

The Supreme Court set forth a two-part competency standard which first considers "whether [the defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding," and second, whether [the defendant] has a

rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402 (1960); *Benefiel v. Davis*, 357 F.3d 655, 659 (7th Cir. 2004). To this end, a mental disease or defect does not necessarily render a defendant incompetent. *United States v. Mackovich*, 209 F.3d 1227, 1233 (10th Cir. 2000). Moreover, the competency concerns of counsel alone are insufficient to establish doubt of a defendant's competency. *Id.* Indeed a "medical opinion on the competency of an accused is usually persuasive evidence on the question of whether a sufficient doubt exists [about the defendant's competence]." *United States v. Mueller*, 661 F.3d 338, 353 (8th Cir. 2011) (other citations omitted).

Here, the examining professional, Dr. Watkins, met extensively with Mr. Prado. Affidavit ¶ 8. While Mr. Prado was able to discuss his case with Dr. Watkins, and he understands the various roles of participants in the criminal justice system, Dr. Watkins does not believe that Mr. Prado is able to apply this factual knowledge to a rational understanding of his situation. *Id.* ¶¶ 7, 8 and 10. Therefore, while arguably the first prong of the *Dusky* test is satisfied, more importantly, Mr. Prado does not exhibit a rational understanding of the proceedings against him.

Counsel for Mr. Prado states that based upon his interactions with Mr. Prado in recent weeks he "believed, based on these meetings and conversations, that Mr. Prado *could* assist defense counsel in this matter." Doc. # 11 at 1. Competency concerns of counsel alone are insufficient to establish doubt of a defendant's competency, the converse is likewise true. Dr. Watkins, however, with professional training in evaluating mental health matters, and after reviewing materials relevant to her determination along

2

with extensive defendant meetings, rendered her opinion of Mr. Prado's present incompetency. Yet more significantly, Dr. Watkins subsequently considered counsel's statement and "her opinion remained unchanged" for the reasons delineated in the Affidavit. Affidavit ¶ 7.

## CONCLUSION

Based upon the foregoing, the government respectfully requests that the court adopt Dr. Watkins' conclusions memorialized in her Forensic Evaluation.

Respectfully submitted this 26th day of February, 2019.

Respectfully Submitted,

MATTHEW D. KRUEGER
United States Attorney

By:

s/Gail J. Hoffman
Assistant United States Attorney
Gail J. Hoffman Bar Number: 1007361
Attorney for Plaintiff
Office of the United States Attorney
Eastern District of Wisconsin
517 East Wisconsin Avenue, Room 530
Milwaukee, Wisconsin 53202
Telephone: (414) 297-1700
Fax: (414) 297-1738
E-Mail: gail.hoffman@usdoj.gov

3